UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br> v.<br><br>ALI SHOBEIRI, et al.,<br><br>    Defendants. | Case No. 18-cv-04816-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 34 |

## I. BACKGROUND

Plaintiff Scott Johnson filed this suit, asserting claims under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181, *et seq*. and the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53. He claimed that due to the presence of architectural barriers, he was denied full and equal access during two visits to Navarra Auto in San Jose, California. Specifically, he claimed that there was no compliant accessible parking space and that the transaction counter was too high. Dkt. No. 1 ¶¶ 18, 21-23, 25-27. Defendants Ali and Ebi Shobeiri own Naravrra Auto. *Id*. ¶¶ 2-13; Dkt. No. 8 ¶¶ 2-13.

Pursuant to General Order No. 56, the parties' last day to conduct a joint site inspection was November 23, 2018, and Mr. Johnson's last day to file a notice of need for mediation was January 4, 2019. Dkt. No. 5. Mr. Johnson neither filed a notice of need for mediation nor requested an extension of time to do so. Accordingly, on January 8, 2019, the Court issued an order directing Mr. Johnson to show cause why this action should not be dismissed for his apparent failure to prosecute this matter. Dkt. No. 14.

A billing statement presented by Mr. Johnson indicates that his counsel made no time

1 entries between November 7, 2018 (when records indicate that Mr. Johnson's counsel had a phone
2 conversation with defense counsel about scheduling the joint site inspection) and January 8, 2019
3 (when the Court issued its order to show cause). Dkt. No. 34-5 at ECF 3. That same billing
4 statement indicates that on January 9, 2019, Mr. Johnson's counsel reviewed the order to show
5 cause and also settled the case. *Id*.

On January 15, 2019, Mr. Johnson advised that the parties reached a settlement, but required time to prepare and finalize the necessary documents. Dkt. Nos. 16, 17. On January 16, 2019, the Court issued an order to show cause regarding the settlement, setting a March 15, 2019 deadline for the dismissal of this matter. Dkt. No. 19. At the parties' request, the Court later extended that deadline to April 15, 2019. Dkt. No. 21. Thereafter, the parties encountered difficulties finalizing a settlement, requiring an appearance before this Court. Dkt. Nos. 22, 24, 27. The Court directed the parties to submit documentation reflecting matters that had been resolved. Dkt. No. 28. If they failed to do so, or if their filing indicated that the case was not fully resolved, then the Court stated that it would set the matter for trial. *Id*.

On April 26, 2019, the parties stipulated to a judgment requiring defendants to provide a fully accessible van parking space and a lowered transaction counter at Navarra Auto; to maintain the property in compliance with applicable guidelines and standards; and to pay Mr. Johnson a total of $8,000 in statutory penalties, plus fees and costs to be determined by the Court. Dkt. No. 30. On April 30, 2019, the Court entered an order and judgment accordingly. Dkt. Nos. 32, 33.

Mr. Johnson now moves for an award of his attorneys' fees and costs. He originally requested $16,267.00 in fees and $870 in costs. At the Court's request, Mr. Johnson's counsel submitted supplemental papers specifying the time, initially provided as estimates, that his attorneys spent preparing his reply papers and appearing at the motion hearing. Dkt. No. 41. According to that supplemental filing, Mr. Johnson's revised totals reflect a downward adjustment of 2.6 hours from his original requested fees. *Id*. ¶ 9. Defendants do not object to Mr. Johnson's request for $870 in costs, and pursuant to the stipulated judgment, they agree that Mr. Johnson is entitled to some amount of attorneys' fees. However, defendants contend that the amount of fees

Mr. Johnson requests is excessive. Upon consideration of the moving and responding papers,[1] as well as the oral arguments presented, the Court grants Mr. Johnson's motion in part and denies it in part.

## II. DISCUSSION

The ADA gives courts the discretion to award attorney's fees, including litigation expenses and costs, to prevailing parties. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. § 12205). Similarly, the Unruh Act provides for an award of fees "as may be determined by the court." Cal. Civ. Code § 52(b)(3).

Whether calculating attorney's fees under California or federal law, courts follow the lodestar approach. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), abrogated on other grounds by *Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id.*

### A. Reasonable Hourly Rate

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). The fee applicant has the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Blum*, 465 U.S. at 896 n.11.

---

[1] Although Mr. Johnson's reply was due by June 18, 2019, he did not file his papers until July 3, 2019 and offered no explanation for the tardiness of his filing. Dkt. No. 36. The Court has considered Mr. Johnson's belated reply, and the parties were given a full opportunity at the motion hearing to raise all matters they wished to discuss with the Court. Even so, the Court does not condone Mr. Johnson's late filing and warns him against future noncompliance with filing deadlines.

"Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Co.*, 896 F.2d 403, 407 (9th Cir. 1990).

Mr. Johnson seeks fees based on the hourly rates of the following seven attorneys: Mark Potter ($650/hour); Phyl Grace ($650/hour); Dennis Price ($500/hour); Chris Carson ($500/hour); Amanda Seabock (sometimes referred to in the papers as "Amanda Lockhart") ($500/hour); Prathima Price ($410/hour) and Jennifer McAllister ($410/hour).

To support the reasonableness of the identified hourly rates, Mr. Johnson relies on a declaration from Mr. Potter, one of the attorneys for whom fees are sought. Dkt. No. 34-4. Mr. Potter's declaration includes a description of the attorneys' qualifications and experience, as well as a billing statement for work performed in this case. Mr. Potter's declaration concludes with the following assertion:

> Because the nature of my practice is wholly dependent on billing at a market rate, I have extensive experience with respect to what attorneys specializing in disability law and civil rights bill for civil litigation and what courts are routinely awarding and can attest that the rates billed by the Center for Disability Access for its attorneys are well within market rates.

*Id.* ¶ 12. Mr. Potter does not actually identify the rates at which attorneys specializing in disability and other civil rights matters bill for civil litigation, even though he asserts that he has "extensive experience" with respect to that information, and even though he says his practice depends on "billing at a market rate."

Mr. Johnson's fees request contains scant information about the prevailing market rate for similar work performed by attorneys of comparable skill, experience, and reputation in this community. He has not submitted declarations from other attorneys attesting to the reasonableness of the claimed rates. Indeed, at the motion hearing, Mr. Johnson's counsel acknowledged that his firm handles ADA cases on a contingency basis, and that (contrary to Mr. Potter's statements in his declaration) there is no "market" based on fees and rates that actually are billed to clients. Rather, the "market" is based on rates that the court in the relevant district finds

4

appropriate. Dkt. No. 40. Thus, Mr. Johnson's counsel also confirmed that for disability access cases, the Center for Disability Access sets hourly rates based on the district in which the litigation is pending, and not necessarily on the district where the client is located. *Id*. Here, the primary "market" on which Mr. Johnson relies to support the claimed hourly rates is comprised of selected decisions between 2011 and 2019 issued by courts in this district tasked with deciding fees motions like his. These cases are listed in a chart in Mr. Johnson's moving papers. Dkt. No. 34-1 at ECF 11-12.

Mr. Johnson principally relies on *Love v. Rivendell II, Ltd., et al.*, Case No. 18-cv-03907-JST (EDL) (N.D. Cal., Mar. 11, 2019), decided by another court of this district, which approved the claimed rates for Mr. Potter and Ms. Grace. *See Rivendell*, Dkt. No. 25 (report and recommendation); *see also* Dkt. No. 30 (order adopting report and recommendation). As another court in this district recently observed, the *Rivendell* decision relied on cases that concerned work that was substantially different than the work performed in the present action. *See Johnson v. AutoZone, Inc.*, No. 17-cv-02941-PJH, 2019 WL 2288111, at *6 n.4 (N.D. Cal., May 29, 2019). For example, *Civil Rights Education and Enforcement Ctr. v. Ashford Hospitality Trust, Inc.*, No. 15-cv-00216-DMR, 2016 WL 1177950 (N.D. Cal., Mar. 22, 2016), was a complex class action matter involving 54 hotels spread among multiple states. In *Elder v. Nat'l Conference of Bar Examiners*, the court observed that the case set "new precedent" that caused the California State Bar to "change a policy which impacts potentially hundreds of individuals each year across California." No. C11-00199SI, 2011 WL 4079623 at *4 (N.D. Cal. Sept. 12, 2011). And in *Rodriguez v. Barrita*, 53 F. Supp. 3d 1268 (N.D. Cal. 2014), the court approved hourly rates of $645 for an attorney with over 45 years experience, $550 for an attorney with 22 years of experience, and $425 for an attorney who had been working with plaintiff's counsel's firm for about 5 years. In *Rodriguez*, counsel's requested rates were either not contested by the opposing party or were supported by a declaration from another disability law attorney. *Id*. at 1278-79.

Mr. Johnson cites to some of those same cases, as well as others. Dkt No. 34-1 at ECF 11-12. With the exception of *Rivendell*, all of the cases Mr. Johnson cites were decided at least two years before Mr. Johnson's counsel performed the services at issue here. The Court is required to

5

consider cases that were decided relatively contemporaneously with the time the work was performed. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) (noting that "in determining the prevailing market rate a district court abuses its discretion to the extent it relies on cases decided years before the attorneys actually rendered their services."); *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003) (holding that it was an abuse of discretion for the district court to apply rates in effect more than two years before the work was performed). Mr. Johnson's attorneys performed work in this case from June 2018 through July 2019. In the absence of other evidence of what attorneys of comparable skill, experience, and reputation were billing for similar work performed during the relevant time period in the relevant market, the Court considers recent decisions involving ADA disputes like this one.

Mr. Potter and Ms. Grace each seek fees at an hourly rate of $650. Mr. Potter avers that he has been a practicing attorney for 20 years, mostly focusing on disability law, and that Ms. Grace has been practicing law for over 22 years, with approximately 10 years devoted to disability rights cases. Dkt. No. 34-4 ¶¶ 5-6. With the exception of *Rivendell*, courts in this district have awarded fees based on a $425 hourly rate for Mr. Potter and Ms. Grace. *See, e.g., AutoZone, Inc.*, 2019 WL 2288111, at *6 (citing cases); *see also, e.g., Gonzalez v. Machado*, No. 17-cv-02203-LB, 2019 WL 3017647 (N.D. Cal. July 10, 2019); *Johnson v. Express Auto Clinic, Inc.*, No. 18-cv-00464-KAW, 2019 WL 2996431 (N.D. Cal. July 9, 2019); *Johnson v. VN Alliance LLC*, No. 18-cv-01372-BLF, 2019 WL 2515749 (N.D. Cal. June 18, 2019); *Johnson v. RK Investment Properties, Inc.*, No. 18-cv-01132-KAW, 2019 WL 1575206 (N.D. Cal. Mar. 18, 2019); *Love v. Griffin*, No. 18-cv-00976-JSC, 2018 WL 4471073 (N.D. Cal. Aug. 20, 2018) (report and recommendation), No. 18-00976, Dkt. No. 23 (order adopting report and recommendation); *Arroyo v. Aldabashi*, No. 16-cv-06181-JCS, 2018 WL 4961637, at *5 (N.D. Cal. Oct. 15, 2018); *Johnson v. Altamira Corp.*, No. 16-cv-05335-NC, 2017 WL 138469 (N.D. Cal. Mar. 27, 2017); *Shaw v. Five M, LLC*, No. 16-cv-03955-BLF, 2017 WL 747465 (N.D. Cal. Feb. 27, 2017).

More recently, this Court and another in this district have approved a $475 hourly rate for Mr. Potter and Ms. Grace. *See Johnson v. Rocklin of California LLC*, No. 18-cv-06836-VKD, 2019 WL 3854308, at *11 (N.D. Cal. Aug. 16, 2019) (report and recommendation); *see also* Case

No. 18-cv-06836, Dkt. No. 27 (order adopting report and recommendation); *Shaw v. Kelley*, No. 5:16-cv-03768-VKD, Dkt. No. 119 (N.D. Cal. Oct. 11, 2019); *Johnson v. Campbell Plaza Development Co.*, No. 5:18-cv-05878-SVK, Dkt. No. 26 (N.D. Cal. Sept. 27, 2019).

Within the past year, another court in this district approved rates of at least $700/hour for other attorneys at different firms. *See Martin v. Diva Hospitality Group, Inc.,* No. 16-cv-04103-EDL, 2018 WL 6710705 (N.D. Cal. Dec. 7, 2018). In that case, the court approved a rate of $700 for an attorney with 28 years of experience as a trial lawyer, with 10 years devoted exclusively to disability law; a $700 rate for an attorney who had been practicing for over 27 years, including 25 years of experience in disability matters; and a rate of $795 for an attorney who had been practicing for 49 years, with 43 years of experience in disability law. *Id*. at *2.

As recently noted by this Court, however, compared with fees awarded to other attorneys with similar experience, Mr. Johnson's request for a $650 hourly rate appears high. *See Rocklin of California LLC*, 2019 WL 3854308 at *10. Another court in this district has observed that a rate over $700/hour is the exception, and not the norm, for disability cases. *See Chapman v. NJ Properties, Inc.*, No. 5:16-cv-02893-EJD, 2019 WL 3718585, at *4 (N.D. Cal., Aug. 7, 2019) (declining to award fees at $750/hour for an attorney with over 40 years of experience, including 25 years in disability access litigation, who had previously been awarded fees at $500/hour, and awarding fees at $600/hour instead to account for inflation). Indeed, for attorneys with approximately 20 or more years of experience, courts in this district have generally approved rates ranging from $350 to $495 in disability cases. *See, e.g., Castillo-Antonio v. Lam*, No. 18-cv-04593-EDL, 2019 WL 2642469, at *7 (N.D. Cal., Apr. 10, 2019) (approving, on a motion for default judgment, a $350 hourly rate for an attorney with over 20 years of experience); *Johnson v. Castagnola*, No. 18-cv-00583-SVK, 2019 WL 827640, at *2 (N.D. Cal., Feb. 21, 2019) (approving a $350 rate for an attorney with 20 years of litigation experience, noting that the requested rate was unopposed by defendant and in line with rates approved in the Northern District); *Wilson v. Red Robin Int'l, Inc.*, No. 17-cv-00685-BLF, 2018 WL 5982868, at *3 (N.D. Cal., Nov. 14, 2018) (approving a $495 rate for an attorney with 24 years of experience in civil rights litigation, including 12 years devoted to disability law and a $475 rate for an attorney with

7

over 17 years of litigation experience and more than 8 years of experience in disability law).

Mr. Johnson seeks fees at $500/hour for work performed by Mr. Price (approximately 8 years of practice, with 7 years in disability rights cases), Ms. Carson (approximately 8 years of practice, with over 5 years in disability rights cases), and Ms. Seabock (approximately 6 years of practice, focusing on disability rights cases). For Mr. Price and Ms. Seabock, courts in this district have approved rates ranging from $300/hour, *see, e.g., Gonzalez*, 2019 WL 3017647 at *4; *AutoZone, Inc.*, 2019 WL 2288111 at *7, up to $350/hour, *see, e.g., Campbell Plaza Development Co.*, No. 18-cv-05878-SVK, Dkt. No. 26 at 10; *NJ Properties, Inc.*, 2019 WL 3718585 at *4; *Express Auto Clinic, Inc.*, 2019 WL 2996431 at *8; *Griffin*, 2018 WL 4471073 at *8; *Arroyo*, 2018 WL 4961637 at *5. The Court's research indicates that the higher $350 rate is in line with fees awarded to other attorneys with comparable or greater experience. *See, e.g., Che v. Lo*, No. 18-cv-00402-CRB, 2019 WL 2579205, at *2 (N.D. Cal., June 24, 2019) (on a motion for default judgment, approving a rate of $400/hour for an attorney with 10 years experience, including 6 to 8 years in disability rights matters); *Ridola v. Chao*, No. 16-cv-02246-BLF, 2018 WL 2287668 at *16, Dkt. No. 58-8, Declaration of Irene Karbelashvili ¶¶ 3, 6 (approving a rate of $325/hour, voluntarily reduced from $450/hour for purposes of plaintiff's fees motion, for an attorney with 12 years of experience, including 6 years focused on disability access law).

For work performed by Ms. Price and Ms. McAllister, Mr. Johnson seeks fees at $410/hour. No information is provided as to precisely how long Ms. Price has been a practicing attorney, or the extent of her experience in disability rights matters. For the reasons discussed below, however, the Court finds it unnecessary to determine an appropriate rate for Ms. Price, as the entirety of her billed time in this matter was devoted to clerical tasks for which fees are not permitted. As for Ms. McAllister, Mr. Potter's declaration indicates that she has approximately 8 years of experience. The extent of her experience in disability rights cases is not specified, but Mr. Potter avers that prior to her work at the Center for Disability Access, Ms. McAllister represented plaintiffs in business and civil rights litigation. Dkt. No. 34-4 ¶ 10. Mr. Johnson has not presented, nor has this Court found, any decisions from this district awarding fees at a particular rate for Ms. McAllister. However, this Court finds that Ms. McAllister seems

8

comparable to those who have been awarded fees falling within the $300-$350/hour range, except that Ms. McAllister may have less somewhat experience in disability rights matters. Taking into account prior awards made to the Potter Handy/Center for Disability Access firm, as well as to other attorneys in this district, and absent other evidence from Mr. Johnson, the Court will award fees for Ms. McAllister at $300/hour.

The present matter is a relatively simple one, involving straight-forward application of the law, and which does not present novel or difficult issues requiring a high level of skill or specialization. For the reasons discussed above, this Court is not persuaded that the rates awarded in *Rivendell* are appropriate here. Nor has Mr. Johnson demonstrated that rates approaching the exceptional rates awarded in *Diva Hospitality* are warranted. While Mr. Potter's declaration indicates that the attorneys in question have considerable experience, the Court also recognizes that "[t]he market rate for legal services . . . does not necessarily rise in direct relation to an attorney's skill and experience." *NJ Properties, Inc.*, 2019 WL 3718585 at *4.

This Court is mindful of the Ninth Circuit's observation that "[t]he district court's function is to award fees that reflect economic conditions in the district; it is not to 'hold the line' at a particular rate, or to resist a rate because it would be a 'big step.'" *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008). In view of the range of rates approved for attorneys practicing in this field, and in the absence of declarations from other attorneys of comparable skill, experience and reputation, and further recognizing that decisions pertaining to the same attorneys in question are particularly salient, *United Steelworkers*, 896 F.2d at 407, this Court will award fees at the following rates: Mr. Potter ($475/hour), Ms. Grace ($475), Mr. Price ($350), Ms. Carson ($350), Ms. Seabock ($350), and Ms. McAllister ($300).

**B.      Reasonable Hours**

Mr. Johnson "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended[.]" *Hensley*, 461 U.S. at 437. Defendants have "a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gat es v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1993). "The party opposing

9

fees must specifically identify defects or deficiencies in the hours requested; conclusory and unsubstantiated objections are insufficient to warrant a reduction in fees." *Rivera v. Portfolio Recovery Associates, LLC*, No. 13-2322 MEJ, 2013 WL 5311525, at *4 (N.D. Cal. Sept. 23, 2013). However, "[e]ven if the opposing party has not objected to the time billed, the district court 'may not uncritically accept a fee request,' but is obligated to review the time billed and assess whether it is reasonable in light of the work performed and the context of the case." *Id*. (quoting *Common Cause v. Jones*, 235 F. Supp. 2d 1076, 1079 (C.D. Cal. 2002)). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. A district court should also exclude from the lodestar fee calculation any hours that were not "reasonably expended," such as hours that are excessive, redundant, or otherwise unnecessary. *See id*. at 433-34; *see also Chalmers*, 796 F.2d at 1210 ("Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary.").

### 1. Defense Counsel's Fees

Defendants argue that Mr. Johnson's requested fees are excessive, noting that their own attorney charged a total of $5,000 for the defense of this matter and that the case involved no discovery or expert work beyond the site inspection. At the motion hearing, defense counsel further stated that his hourly rate is $400/hour and that he has been practicing for approximately 36 years, including hundreds of cases in the Eastern and Northern Districts of California. However, defendants have provided no authority explaining why the legal fees they incurred in this matter are a relevant comparison for purposes of determining an appropriate amount of fees to be awarded to Mr. Johnson. The Court declines to reduce Mr. Johnson's requested fees on this basis.

### 2. Overstaffing

Defendants argue that there were too many attorneys involved in this matter, and defense counsel claims he had little or no involvement with some or most of them in this litigation. Defendants also argue that work performed by Mr. Potter should have been delegated to less

10

senior attorneys.

As discussed at the motion hearing, although the Court has some concern about the large number of attorneys on the billing statement for a case of this size and relative non-complexity, the billing statement does not indicate that the staffing of this matter led to any particular redundancy in the work performed. While courts in this district have recognized that routine work reasonably should be delegated to less senior attorneys, and that work by senior attorneys reasonably should be limited to matters requiring that level of skill, *see Hernandez v. Tacqueria El Grullense*, No. 12-cv-03257-WHO, 2014 WL 1724356, at *8 (N.D. Cal. Apr. 30, 2014), defendants have pointed to no specific tasks that they feel Mr. Potter should have delegated to attorneys who bill at a lower rate. Moreover, although defense counsel claims that he had little interaction with many of the timekeepers on this matter, defendants have not presented any evidence or argument suggesting that these attorneys did not perform the work they say they did. Nor have defendants pointed to any particular instances of duplicative billing.

The Court declines to reduce Mr. Johnson's requested fees on this basis.

### 3. Clerical Tasks

In their opposition, defendants argued that Mr. Johnson's requested fees should be reduced to account for tasks that defendants claim are clerical in nature. Dkt. No. 35 at 2. Purely clerical tasks generally are not recoverable in a motion for attorneys' fees and should instead be subsumed in normal overhead costs. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) ("filing, transcript, and document organization time was clerical in nature and should have been subsumed in firm overhead rather than billed at paralegal rates"); *LaToya A. v. San Francisco Unified Sch. Dist.*, No. 3:15-cv-04311 LB, 2016 WL 344558, at *9 (N.D. Cal. Jan. 28, 2016) (same); *Yates v. Vishal Corp.*, No. 11-cv-00643-JCS, 2014 WL 572528, at *5 (N.D. Cal. Feb. 4, 2014) (same). "When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *Nadarajah*, 569 F.3d at 921.

In their opposition papers, defendants identified no particular tasks that they consider clerical in nature. At oral argument, defense counsel complained about some activities performed at the outset of the case, such as Google searches, and further argued that any time entry indicating

11

that someone "reviewed" something, were clerical tasks for which fees should not be allowed. Having reviewed Mr. Johnson's proffered billing statement, the Court believes that defendants object to what appear to be Mr. Johnson's counsel's pre-litigation investigation, as well as to time entries indicating that counsel reviewed court filings, orders, and other documents related to the case. The Court does not find these to be clerical tasks that warrant a reduction of Mr. Johnson's requested fees.

However, as discussed at the motion hearing, the Court is concerned by a number of time entries in which attorneys billed time, primarily in 0.1-hour increments, to "instruct[] assistant[s]" to perform tasks, such as file or serve documents; send documents to the client or to opposing counsel; and to call or otherwise communicate with the client or opposing counsel about scheduling and other matters. The Court finds the delegated tasks in question are purely clerical in nature. Although Mr. Johnson's attorneys did not themselves perform those tasks, their "instruct[ions]" delegating those tasks to their support staff are no less clerical in nature. Accordingly, the Court deducts time from Mr. Johnson's fees request as follows[2]:

- Ms. Grace: 0.1 hour
- Ms. Carson: 0.3 hour
- Ms. Seabock: 2.3 hours
- Ms. Price: 0.3 hour
- Ms. McAllister: 0.3 hour

### 4. Order to Show Cause

As noted above, on January 8, 2019, the Court issued an order to show cause why this case should not be dismissed after deadlines in the General Order No. 56 scheduling order lapsed and Mr. Johnson seemingly failed to prosecute this matter. Had Mr. Johnson timely filed a notice of need for mediation by the ordered deadline, or requested an extension of time to do so, issuance of

---

[2] In deducting time for clerical tasks, the Court only deducted 0.1 hour per time entry, even if the entry contained more than one "instruct[ion] [to] assistant." Conversely, the Court did not deduct time from any entry where the total time billed for more than one task was 0.1 hour, even if those tasks included an "instruct[ion] [to] assistant."

the order to show cause for failure to prosecute would not have been necessary. Accordingly, the Court deducts 0.2 hour from time Ms. Carson billed on January 9, 2019 and January 17, 2019 as well as 0.1 hour from time Ms. Seabock billed on January 15, 2019,[3] regarding the January 8, 2019 order to show cause.

### 5. Reviewing Billing Statement

Mr. Johnson seeks $195 for time Mr. Potter spent reviewing the firm's bills and "remov[ing] items that could be taken as duplicative or unreasonable." Dkt. No. 34-5 at 6. Mr. Johnson has cited no authority to support the recovery of such fees, and the Court does not find it reasonable to award fees for time Mr. Johnson's counsel spent identifying fees to which they apparently agree they are not entitled. Accordingly, the time spent for this task will be deducted from the fee award.

### 6. Lodestar Adjustments

Once the lodestar has been calculated, it may be adjusted upward or downward to account for any relevant factors set out in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67 (9th Cir. 1975) that were not subsumed in the initial calculation of the lodestar.[4] *Chalmers*, 796 F.2d at 1212. "The Supreme Court has noted, however, that the *Kerr* factors are largely subsumed within the initial calculation of reasonable hours expended at a reasonable hourly rate, rather than the subsequent determination of whether to adjust the fee upward or downward." *Id*. (citing *Hensley*,

---

[3] In reducing Ms. Seabock's billed time here, the Court did not include that 0.1 hour that has already been deducted for clerical matters.

[4] The twelve *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70.

United States District Court
Northern District of California

13

461 U.S. at 434 n. 9, 103 S. Ct. at 1940 n. 9.). Moreover, there is a strong presumption that the lodestar figure represents a reasonable fee; and, thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by specific evidence in the record, that the lodestar amount is unreasonably low or unreasonably high. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citations omitted).

As noted above, this matter is a relatively simple one, involving straightforward application of the law, and Mr. Johnson does not request a multiplier. The Court finds no basis for any adjustments to the lodestar.

### C. Lodestar Amount

Multiplying the reasonable hourly rates and the hours reasonably expended, yields a lodestar amount of $8,310.00 as reflected in the following table:

| Attorney | Rate | Hours | Total |
| --- | --- | --- | --- |
| Mark Potter | $475 | 3.6 | $1,710.00 |
| Phyl Grace | $475 | 0.2 | $95.00 |
| Dennis Price | $350 | 5.3[5] | $1,855.00 |
| Chris Carson | $350 | 8.9 | $3,115.00 |
| Amanda Seabock | $350 | 4.3 | $1,505.00 |
| Jennifer McAllister | $300 | 0.1 | $30.00 |
| | | **TOTAL** | **$8,310.00** |

### D. Costs

Defendants do not object to Mr. Johnson's request for $870 in costs and acknowledged at the motion hearing that he is entitled to all the costs he seeks. The Court finds that the requested costs are supported by record. Dkt. Nos. 1, 7, 12, 13, 34-4 ¶ 4. Accordingly, Mr. Johnson is awarded $870 in costs.

---

[5] Although Mr. Johnson's supplemental filing indicates that he seeks fees for 5.4 hours of work performed by Mr. Price (Dkt. No. 41), the Court finds that the hours of work to which Mr. Price attests totals 5.3 hours.

14

## III. CONCLUSION

Based on the foregoing, and upon the papers presented, Mr. Johnson's motion for attorneys' fees and costs is granted in part and denied in part as follows: Mr. Johnson is awarded $8,310.00 in fees and $870 in costs, for a total award of $9,180.00. The Clerk shall enter an amended judgment.

**IT IS SO ORDERED.**

Dated: October 24, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge